
CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAY 12 2006

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLESVILLE DIVISION

UNITED STATES OF AMERICA,

v.

QUINTON L. MASSIE

*Defendant.*

CRIMINAL NO. 3:04cr00031

ORDER AND OPINION

JUDGE NORMAN K. MOON

This matter is before the Court on the defendant's motion to dismiss Counts Four through Seven of the Superceding Indictment, filed on May 9, 2006. This motion is hereby DENIED.

Defendant moves to dismiss these counts on the grounds that (a) Counts Four and Seven are cumulative and thus violate the Double Jeopardy Clause; (b) the government will be unable to meet its burden of proof as to Court Four; and (c) the government will be unable to prove that Defendant owned or possessed the vehicle where the drugs and weapon referred to in Counts Five, Six, and Seven were found.

It is well settled that the imposition of cumulative punishment for both the use of a firearm in furtherance of a crime and for the underlying crime does not violate double jeopardy. *See, e.g., U.S. v. Shavers*, 820 F.2d 1375 (4th Cir. 1987); *U.S. v. Powell*, 894 F.2d 895 (7th Cir. 1990). Hence, to the extent that Defendant challenges being charged with both the underlying drug crimes described in Counts One, Five, and Six and with the use of a firearm in furtherance of those crimes in Counts Four and Seven, that challenge must fail. Likewise, if Defendant

means to challenge being charged with two separate counts of use of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c), the Court notes that the two counts refer to different occasions; Count Four charges that Defendant possessed a firearm in furtherance of a drug trafficking crime on May 27, 2004, while Count Seven charges that Defendant possessed a firearm in furtherance of a drug trafficking crime on July 1, 2004. These are clearly separate offenses, and thus charging Defendant with both of them does not violate double jeopardy.

Defendant's other arguments for dismissal are premature. Whether the government will produce sufficient admissible evidence to meet its burden of proof is a question that must await trial; Defendant is not entitled to dismissal merely because he believes the government's case is weak. Defendant's motion to dismiss is therefore DENIED.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record and to the Defendant.

ENTERED: _____
Judge

5/12/06 _____
Date