CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED ch'ville
AUG 3 0 2006
JOHN F. CORCORAN, CLERK
BY: Fay Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>QUINTON L. MASSIE<br><br>*Defendant* | CRIMINAL NO. 3:04cr00031<br><br>ORDER AND OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on the Defendant's Motion for Pre-trial Disclosure of Jencks Act Material, filed on August 25, 2006. For the following reasons, this motion is hereby DENIED.

Defendant has asked that the government turn over "all Jencks Act Material" before his trial begins. Def.'s Mot. 2. Defendant is concerned that there may be so many documents that his case would be prejudiced by having to review these documents during trial. *See id.*

The Jencks Act, codified at 18 U.S.C. § 3500, provides that certain statements made by government witnesses may not be the subject of subpoena, discovery, or inspection until that witnesses has testified on direct examination at the trial. *See* 18 U.S.C. § 3500(a) (2000). After that witness has testified on direct examination and on the defendant's motion, however, the Court must order the government to produce any relevant statement made by the witness. *See* § 3500(b). It is then within the Court's discretion whether and for how long to recess proceedings for such time as is necessary for the Defendant to examine the statement. *See* § 3500(c).

Under the plain language of the statute, then, it is clear that the government is not required to turn over relevant Jencks Act statements until *after* the witness has testified. But as the Fourth Circuit has stated, "nothing in the Jencks Act prevents the government from voluntarily disclosing covered material prior to trial." *U.S. v. Lewis*, 35 F.3d 148 (4th Cir. 1994). Such early disclosures help both the government and the defendant. *See, e.g., id.* ("We prefer to encourage such early disclosures. In fact, we believe that both sides benefit when the government's file is completely open to a criminal defendant.).

In light of the explicit language of the Jencks Act and governing case law and absent extraordinary circumstances, this Court is disinclined to grant motions seeking pre-trial disclosure of statements otherwise protected under the Jencks Act. The Court recognizes, however, that a defendant is entitled to a reasonable opportunity to inspect a witness' relevant statements before cross examining that witness. Therefore, the Court strongly encourages the government to provide any such Jencks Act material to a defendant before trial when doing so would prevent undue delay during trial.

Nothing before the Court in this case indicates that a failure on the government's part to turn over any Jencks Act material would result in a trial interruption. The defendant's motion is therefore DENIED.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record and to the Defendant.

ENTERED: /s/ Norman K. Moon
Judge

Aug. 30, 2006
Date